NO. 8781

COURT OF APPEAL

PARISH OF ORLEANS

-------

D. E. WILLIS

versus

A. G. DARDEN

-------

-------

103

Dinkelspie; J.

Plaintiff brings this suit alleging that about the 1st day of May, 1921, he entered into a verbal agreement with the defendant, whereby the latter was to pay plaintiff a commission of fifty per cent of the net profits on all lumber bought and sold by plaintiff, and further alleges that as a result of the transactions made by plaintiff under this agreement, there was a balance due him of $249.17, together with the further sum of $51.01, for expenses paid out by him for defendant's account; claiming that defendant owed him the sum of $300.18, the eighteen cents being waived by plaintiff in order to bring the suit within the jurisdiction of the Court.

The answer denies that any agreement was made relative to a commission on sales and alleges further that no agreement was made for the employment of plaintiff, but that a weekly salary was paid by the defendant to plaintiff for his services.

The record contains sundry accounts annexed to plaintiff's petition, showing expenses paid by him during the course of his employment, also giving credit for various sums plaintiff claims to have received from defendant during the services rendered to defendant by plaintiff; he swears that defendant entered into a contract with him May 1st, 1921, which was a verbal agreement and there was no salary to be paid him at all, and he states in his testimony various purchase he made of lumber, as well as sales made by him for the defendant, in which he claims the profits were to be divided half and half.

Without entering into details of this testimony, we are satisfied from the major portion of it that the lumber purchased and sold by plaintiff was the property of the defendant, and that he, the defendant paid all his employees whatever was due them, every Saturday night, and amongst the employees was

104

plaintiff, who attempts to show that the money he received was money for expenses; but reading his own testimony and from his own lips we are convinced that that is not the case; he makes an attempt to prove the $51.01 for expenses and furnishes an itemized statement of same, but we are satisfied from the evidence in this record that this money was the money of the defendant, given to plaintiff at such time as he required, with or without salary, dxxxkkx just as plaintiff demanded it. Plaintiff would estimate the profits on amount of lumber sold, in his statement; he did not include in this statement the lumber left on defendant's hands; he did not attempt to make up a complete account, but admits that the unsold part of the lumber was defendant's profit, whilst the testimony proves that the unsold part of the lumber was of poor quality in bad condition, unsold at the time this plaintiff was engaged with the defendant, and would not, from all the testimony in this record, produce anything like the price claimed by plaintiff. Hence it would be utterly impossible to predicate any statement of profits, without first getting at what lumber was not sold and what the price would be. This lumber, whatever it was, was paid for by defendant, was in his possession, under his control, and plaintiff was in no wise interested therein. Plaintiff says that when he first handed a statement to the defendant which is the statement annexed to his petition, that defendant, without looking at it, rejected it, paid no attention to it, refused to have anything to do with it; yet, we find that subsequently, notwithstanding this claim of plaintiff, when undeniably, and admitted by plaintiff himself, instead of receiving as he formerly did, his pay envelope on Saturday nights with twenty five dollars per week, he received thirty dollars a week, without any agreement one way or the other; he simply found the money in his pay envelope, and made no objection thxxx thereto, he accepted it without demur, without a word, and asked

no explanation of any kind or character.

On the other hand, defendant's testimony is positive, unqualified, admits of no doubt of its truthfulness, and its absolute veracity, and impresses us with the fact that he has stated fully, all that there was in this case, so far as plaintiff was concerned. He swears that plaintiff, who had been in the lumber business all his life was disengaged, was idle, doing nothing, and that he, defendant, knowing plaintiff to be an expert lumber man, employed him without any agreement of any kind or character, and from week to week, every Saturday night, plaintiff was handed his pay envelope, for a time containing twenty-five dollars per week; it was received by plaintiff without a word of remonstrance, without any objection of any character, accepted by him. And we find also that when the plaintiff wanted any expense money he asked for and received it, and that without any question, so that when defendant was asked whether or not he kept books and he answered in the affirmative, and was asked whether the statement of plaintiff in this case was or not correct, with the exception of the division of the profits, he said, virtually, yes he assumed it to be correct; but he disclaimed any agreement to share profits upon which plaintiff has based his entire claim. Not only are these facts abundantly proven to our satisfaction, but beyond this, there are in this record two letters written by plaintiff to defendant, and we reproduce them here:

"N. O. La. Dec. 28, 1921.

Mr. A. G. Darden.

Sir:

Will you please let my wife have Twenty Dollars ($20.00). I can't work.

Set the shipment from Gum on the track Public Belt, River Front between Iberville and St. Ann St.

Let the N. O. R. W. & E. L. Co. rest till tomorrow. I am not sick, but I can't walk. Taxin brought me home.

 Yours truly,

 (Signed) D. E. Willis."

 Another letter was written by plaintiff which reads
as follows:

 "N. O. La. 1st-6-22.

Mr. A. G. Darden,
3103 Carrollton Avenue,
City.

Dear sir and friend:

 I am in a critical condition, both physically and fi-
nancially; my will power completely exhausted. I therefore send
my wife with this letter to you for a little assistance for our
actual needs, with a note that will explain itself.

 In addition please let me have a few dollars personal-
ly and if I can regain my health I will show my appreciation. If
I don't then you are secured.

 Sincerely yours,

 D. E. Willis."

 The letter referred to contained a note for $75.00,
payable on demand, and had written on the back of it "secured
by certain property in case of my death".

 Defendant testifies that he gave back to the wife the
letters in question, refused theleax the loan asked for.

 If defendant was indebted in any amount or in the amount
 plaintiff
&x claimed by plaintiff he/certainly had a right to demand the mon-
ey due him, which was far in excess according to his ideas, of the
amounts he wanted to borrow; the plaintiff swears that the only
parties present at the time this fifty-fifty contract was entered
into was he and the defendant; no one else there.

 Under the well settled essentials of law, a plaintiff
must make his case certain, and not leave it indefinite in
thexmind and undetermined. In this plaintiff has utterly failed;
hence his claim must be rejected.

 107

"The essential allegations contained in plaintiff's petition are not supported, but negatived, even by his own testimony."

Sauer vs. Union Oil Co. 43 Ann. 699/

Victoire vs. Moulon, 8th Martin 400.

For the reasons assigned, it is ordered, adjudged, and decreed, that the judgment of the court aquo be and the same is hereby annulled, avoided and reversed, and that there be now judgment in favor of the defendant, dismissing plaintiff's suit, at his costs in both Courts.

Judgment reversed and judgment in
favor of defendant.